IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL RONALD SABO, | ) |
| | ) Civil Action No. 04 - 717 |
| Plaintiff, | ) District Judge Gary Lancaster |
| vs. | ) |
| | ) |
| DAVID L. PATTERSON, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Plaintiff initiated this action by filing a Motion to Proceed *In Forma Pauperis* (doc. no. 1) on May 12, 2004. The Court granted the motion (doc. no. 2) and ordered the Clerk of Court to file Plaintiff's Complaint (doc. no. 3).

On May 23, 2005, the Court ordered Plaintiff to file a statement with the Clerk of Court indicating whether he wished to proceed with this lawsuit. On June 10, 2005, Plaintiff filed a Statement indicating that he did wish to proceed with this lawsuit.

For reasons unknown, the Complaint in this action was not served following the receipt of Plaintiff's statement. Moreover, through no fault of Plaintiff, the Court was unable to locate the file that contains the record in this action and, therefore, was unable to order service of the Complaint. In light of these circumstances, the Court requested Plaintiff to send the Clerk of Court another copy of his Complaint or submit an amended complaint in order to allow it to adjudicate his

claims (doc. no. 8). Plaintiff submitted his Complaint to this Court shortly thereafter.

The Court has reviewed the Complaint and determined that it should be dismissed in accordance with 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted. In this regard, this Court is required to review Plaintiff's Complaint in accordance with the criteria for allowing an action to proceed *in forma pauperis* (IFP), *i.e.*, without prepayment of costs. Section 1915(e) (as amended) requires the federal courts to review complaints filed by persons who are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Plaintiff is seeking leave to proceed *in forma pauperis* in this action. Thus his allegations must be reviewed in accordance with the directives provided in 28 U.S.C. § 1915(e). In reviewing complaints under 28 U.S.C. § 1915(e), a federal court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Dismissal is proper under Rule 12(b)(6) if, as a matter of law, it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.

2

Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957). Notwithstanding, a plaintiff must allege specific facts supporting his claims to withstand dismissal for failure to state a claim. Brock v. St. Joseph's Hosp., 104 F.3d 358 (4th Cir. Dec. 23, 1996); Whitehead v. Becton, 1996 WL 761937 (D.C. Cir. 1996).

Plaintiff seeks recovery against Defendant for allegedly failing to file his Notice of Appeal from the denial of his Post Conviction Relief Act Petition in April of 2003. This claim invokes the protections of the First Amendment, which provides as follows.

> Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

U.S. Const. Amend. I.

The right of access to the courts is guaranteed by the First Amendment of the United States Constitution. In Christopher v. Harbury, 536 U.S. 403 (2002), the Supreme Court set forth specific criteria that a court must consider in determining whether a plaintiff has alleged a viable claim of right to access to the courts. Specifically, the Supreme Court held that, in order to state a claim for denial of access to

courts, a party must identify all of the following in the complaint: 1) a non-frivolous, underlying claim: 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit. Christopher, 536 U.S. at 415.

The Court explained that the first requirement mandated that the Plaintiff specifically state in the complaint the underlying claim in accordance with the requirements of Rule 8(a) of the Federal Rules of Civil Procedure to the same degree as if the underlying claim was being pursued independently. Christopher, 536 U.S. at 417. In this regard, the statement must be sufficiently specific to ensure that the district court can ascertain that the claim is not frivolous and that the "the 'arguable' nature of the underlying claim is more than hope." *Id*. The second requirement requires a Plaintiff to clearly allege in the Complaint the official acts that frustrated the underlying litigation. Third, a Plaintiff must specifically identify a remedy that may be awarded as recompense in a denial-of-access case that would not be available in any other future litigation. *Id*. at 414.

Plaintiff cannot succeed on his access to courts claim for several reasons. First, Plaintiff has not alleged with specificity what official acts by the Defendant frustrated the filing of his Notice of Appeal. Second, and more

4

importantly, Plaintiff has other available judicial remedies to pursue his claims. For example, he could file an action in mandamus requiring the Clerk of Court to fulfill his non-discretionary duty of filing his Notice of Appeal. In addition, he could file an action seeking reinstatement of his PCRA appeal rights *nunc pro tunc* based on the alleged actions of the Clerk of Court in failing to file his Notice of Appeal.

Finally, his access to court claim fails because he has not shown that the claims he sought to pursue in his PCRA petition were not frivolous and had arguable merit. Thus, Plaintiff's Complaint must be dismissed. An appropriate order follows.

**AND NOW** this 16th day of May, 2007

**IT IS HEREBY ORDERED** that the Complaint in the above-captioned case is hereby **DISMISSED** for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** THAT the Clerk of Court mark this case **CLOSED**.

Gary L. Lancaster
United States District Judge

cc:   Lisa Pupo Lenihan
      United States Magistrate Judge

      Paul Ronald Sabo
      1364 Sixth Street
      Westmoreland City, PA   15692

5